LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-08024 BRO (PLAx) | Date | July 18, 2014 |
|---|---|---|---|
| Title | APPLIED MERCHANT SYS. WEST COAST INC. v. HRVA BROADWAY BUS TOURS LLC, ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS)

## ORDER TO SHOW CAUSE RE JUDGMENT

On October 30, 2013, Plaintiff initiated this action against Defendant HRVA Broadway Bus Tours LLC ("HRVA") and its two members, Defendants Helen G. Cohen and Bruce Cohen. (Dkt. No. 1.) Plaintiff alleged two causes of action: (1) breach of contract (against HRVA and Mrs. Cohen); and (2) fraud (against all three defendants). (Dkt. No. 1.)

On June 3, 2014, the Court granted in part and denied in part Plaintiff's supplemental application for default judgment. (Dkt. No. 22.) The Court denied Plaintiff's application with regard to its second cause of action for fraud as alleged against Mrs. Cohen. (*See* Dkt. No. 22, at 7–8.) Specifically, the Court found that Plaintiff's complaint failed to allege facts necessary to permit the Court to impute Mr. Cohen's fraud to Mrs. Cohen. Accordingly, that single cause of action remained, as against Mrs. Cohen only, after the Court's order granting in part default judgment.

On June 10, 2014, the Court issued a judgment and closed the case. (Dkt. No. 24.)

Federal Rule of Civil Procedure 54 provides that, when an action includes multiple claims against multiple defendants, a district court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Here, the Court never expressly determined that this case warranted a partial judgment. As such, entry of judgment was procedurally improper, and the action should not have been closed.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-08024 BRO (PLAx)** | Date | July 18, 2014 |
|---|---|---|---|
| Title | **APPLIED MERCHANT SYS. WEST COAST INC. v. HRVA BROADWAY BUS TOURS LLC, ET AL.** | | |

The Court intends to strike the entry of judgment. Plaintiff may proceed in two ways. Its first option is to voluntarily dismiss with prejudice its remaining cause of action for fraud against Mrs. Cohen. If Plaintiff elects to do this, the Court will enter a new judgment, as all claims will have been adjudicated. Its second option is to file an amended complaint and serve it on Mrs. Cohen only. Specifically, Plaintiff must amend its fraud claim so that it states a valid cause of action against Mrs. Cohen. If Plaintiff elects this option, the Court will reopen the case and strike the entry of default as against Mrs. Cohen only, and will not enter a new judgment.[1] Plaintiff will then have to apply to the Clerk for entry of default against Mrs. Cohen on the amended complaint, and then move the Court for a default judgment against Mrs. Cohen on the amended complaint. Once the Court grants default judgment against Mrs. Cohen as to all claims asserted against her, the Court will then enter judgment against all defendants.

Plaintiff must respond to this Order, indicating how it chooses to proceed, **no later than Wednesday, July 23, 2014, at 12:00 p.m.**

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | rf |

---

[1] "[T]he general rule is that an amended complaint [supersedes] the original complaint and renders it without legal effect…" *Lacy v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012). District courts have set aside defaults which were entered against a defendant when the plaintiff amended its complaint after the entry of default. *See Anderson v. CitiMortgage, Inc.*, No. 11-00583 DAE-RLP, 2011 WL 6301739, at *1 (D. Haw. Nov. 25, 2011) (denying plaintiff's motion for default judgment as moot because of a later-filed amended complaint and directing the clerk to set aside entry of default), adopted by 2011 WL 6301427 (D. Haw. Dec. 16, 2011); *see also Banks v. ACS Educ.*, No. 10cv1886-BTM(CAB), 2011 WL 811601, at *2 (S.D. Cal. Mar. 2, 2011) (instructing clerk to deny plaintiff's request for entry of default based on failure to respond to original complaint after plaintiff filed an amended complaint).